JAMES McCUTCHEON *et al.*, Defendants in Error, *v.* JOHN SIGERSON, Plaintiff in Error.

*Release of Errors — Pleading.* — A replication to a plea of release of error must deny or confess, and avoid the acts of release set up by the plea.

*Error to St. Louis Court of Common Pleas.*

Defendants in error pleaded the following plea in bar of writ:

The defendants come and say, in bar and preclusion of the said writ of error, that the said plaintiffs in error the same ought not to have and maintain, because they say that after the rendition of the judgment in this cause by the St. Louis Court of Common Pleas, and before the impetration of the said writ of error, to-wit, on the 5th day of April, 1858, the said defendants in error assigned the said judgment, and all their right, title, and interest therein, to one George B. Sanderson, for full value and without recourse, all of which was well known to the plaintiff in error before the impetration of the said writ of error; and defendants in error cannot produce the said instrument of assignment and make profert thereof, the same being in possession of the legal representatives of the said George B. Sanderson, but defendants in error will prove the said assignment when and where this court may direct: and before the suing out of this writ of error, to-wit, on the 22d day of April, 1859, the said John Sigerson well knowing the premises, and being, together with his brother William Sigerson, desirous of compromising and settling all matters in dispute between himself and his brother, on the one hand, and George B. Sanderson aforesaid, and James M. Hughes, Thomas Marshall and Jesse Holliday, on the other hand, did then, at St. Louis, Mo., come to a reckoning with the said Sanderson, Hughes, Marshall, and Holliday. And the said Sanderson, Hughes, Marshall, and Holliday, then and there held numerous claims and demands against the said John Sigerson and William Sigerson, and were encumbrances of large valuable tracts of land claimed by the said Sigerson in St. Louis county, which constituted all the property of the said John and William Sigerson; and so it was that by reason of the condition of the title to the said lands, encumbered in favor of the said Hughes, Sanderson, Holliday and Marshall, the same was unsaleable, and the said Sigerson disputed and denied the validity of certain of the claims and encumbrances whereof the said Hughes, Marshall, Holliday and Sanderson claimed

to be holders, and had theretofore commenced legal proceedings, having for their object the exoneration of the said tracts of land from a portion of said claims and encumbrances; and the said John and William Sigerson, and the said Holliday, Hughes, Marshall and Sanderson, becoming weary of litigation and desirous of putting an end thereto, and of bringing the said tracts of land into market, did, on the 22d day of April, 1859, come to an accord, and thereupon did make, execute and deliver a deed to William T. Wood and R. S. Hart, trustees, and in and by said deed the said tracts of land were exonerated from all liens, claims and encumbrances, except those the payment of which was made thereon under the duty of the said trustees; and certain portions of the said lands were in the first place conveyed, or directed to be conveyed, clearly and absolutely, to the use of the wives or families of the said John and William Sigerson, free from all claim and demand, lien and encumbrance, in favor of the said Hughes, Sanderson, Holliday and Marshall, and also exonerated from all encumbrance whatever; and the said trustees were enjoined and directed to sell the remainder of said lands, and with the proceeds thereof to pay and satisfy certain acknowledged recognized claims, encumbrances and demands, among which was the judgment in this cause, which is described in said deed of trust as having been paid by the said Hughes, Marshall, Holliday and Sanderson, (the same being erroneously described as a judgment in favor of McCutcheon only, instead of a judgment in favor of McCutcheon & Collins, and the interest thereon being computed up to the date of the 5th April, 1859,) and the said trustees accepted said trust and conveyed to the wife of the said John Sigerson the tracts of land in said deed, particularized as the tracts which were to be conveyed to the wife of the said John Sigerson, free and clear of the demands and encumbrances thereon, and have proceeded to carry out and complete the trust imposed upon the real estate so to them conveyed; and the said John Sigerson has received the

full benefit and advantage of the said compromise, settlement and deed of composition, and is now absolutely insolvent.

Plaintiff in error replied as follows :

And the said John Sigerson says, that by reason of anything in the said plea of the said McCutcheon and Collins alleged, he ought not to be barred from his action aforesaid against them ; because, he says, that said reckoning, accounting, &c., alleged in said plea to have been had by and between the said John Sigerson and William Sigerson, on the one part, and the said Hughes, Marshall, Sanderson and Holliday, on the other part, did not include the above action and matter in error between the said John and the said McCutcheon & Collins ; and because the said reckoning and accounting was not meant or intended to include the same, or any matter of litigation, or any law suit or other controversy between the said John and the said McCutcheon and Collins ; and beause the said reckoning, &c., only included, and was only meant and intended to include, settle and adjust, all litigation then pending, to-wit, at the time of said reckoning between the said John and William, or either of them, on the one part, and the said Hughes, Marshall, Sanderson and Holliday, on the other part, in respect of the lands referred to in said plea, as well as all other controversies between the said parties, John and William Sigerson, on the one part, and the said Hughes, Marshall, Sanderson and Holliday, or either of them, on the other part ; and because, he says, the said reckoning, &c., was not meant or intended to include, and did not include, settle or adjust the said litigation and controversy between the said John and the said McCutcheon and Collins, to-wit, the matters of the action in error aforesaid. And the said John admits that the said Hughes, Marshall, Sanderson and Holliday, or one or more of them, was or were the owner or owners of the said judgment of Mc-Cutcheon & Collins against the said John at the time of the

said reckoning; and that the payment of said judgment to the said Hughes, Marshall, Sanderson and Holliday, was meant and intended to be provided for, and was provided for amongst other things, in and by said deed of trust to the said William T. Wood and R. S. Hart, to-wit, by the said Wood and Hart, out of the assets to them to be derived from the sale of said real estate; but the said John denies that, in such provision for the payment of said judgment, it was meant or intended by any of the parties to said reckoning, to compromise, settle or adjust his aforesaid suit in error, against the said McCutcheon and Collins, or in any manner or degree to stop, impede or hinder him, the said John, in the prosecution of said suit, until the said judgment of the said McCutcheon and Collins against him, the said John, should be reversed, annulled and held for naught, and he should be restored to all that he has lost by reason of said erroneous judgment. The said John denies that he has at any time, or by any reckoning, either by the reckoning mentioned in said plea, or by any other reckoning at any other time, settled, adjusted, compromised, or in anywise affected or done, or consented to be done any act estopping or impeding his right fully to prosecute his above mentioned action in error against the said McCutcheon and Collins, nor to the reversal of said judgment and the recovery of his costs in that behalf expended, and of his damages by him sustained by reason of the wrongful rendition of said judgment against him, and of his compulsory payment thereof alleged in said plea. He denies that said suit in error has been compromised, settled or adjusted, and avers that the same is still rightfully pending, and that his right to prosecute the same to the reversal of said judgment, and the full recovery of all his costs in that behalf expended, and of his damages by him sustained by reason of said judgment, is unimpaired and unaffected in fact and in law, either by the alleged reckoning mentioned in said plea, or by any other act or acts of his; and of this he puts himself upon the country.

DRYDEN, Judge, delivered the opinion of the court.

In this case the defendants in error have pleaded a plea in this court, whereby they in substance aver, that since the recovery of the judgment in which it is alleged the error exists, the plaintiff in error by his certain deed released the said errors to which the plaintiff has replied, and the defendants have demurred to the replication. The question for our consideration is the sufficiency of the replication. The replication attempts to explain the scope and meaning of the deed, and to show that its provisions did not embrace the matter in controversy; but it does not affect to deny that the deed is the act and deed of the plaintiff, nor does it confess and avoid the ground of defence set up in the plea. The demurrer must therefore be sustained and the judgment affirmed; the other judges concurring.